26 F.3d 141
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Landon C. TIPTON, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7031.
 United States Court of Appeals, Federal Circuit.
 May 13, 1994.
 
 Before NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Landon C. Tipton's appeal for lack of jurisdiction. Tipton has not filed a response.
 
 
 2
 Tipton seeks review of a decision of the Court of Veterans Appeals summarily affirming the Board of Veterans Appeals' decision that denied his request to reopen his claim of entitlement to service connection for residuals of a cerebral vascular accident because no new and material evidence was submitted. In his informal brief, Tipton argues that the Court of Veterans Appeals misstated certain dates and that the regional office, the Board, and the Court of Veterans Appeals failed to consider all of his evidence.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 Tipton's appeal seeks review only of factual determinations and the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.